IN THE SUPREME COURT OF NORTH CAROLINA

No. 166A24

Filed 17 October 2025

STATE OF NORTH CAROLINA

v.

JONATHAN RAY LAIL


Appeal pursuant to N.C.G.S. § 7A-30(2) (2023) from the decision of a divided panel of the Court of Appeals, 294 N.C. App. 206 (2024), vacating judgments entered on 1 November 2022 by Judge Karen Eady-Williams in Superior Court, Catawba County, and ordering that defendant is entitled to a new trial. Heard in the Supreme Court on 18 February 2025.

*Jeff Jackson, Attorney General, by Sherri Horner Lawrence, Special Deputy Attorney General, for the State-appellant.*

*Glenn Gerding, Appellate Defender, by Candace Washington, Assistant Appellate Defender, for defendant-appellee.*

PER CURIAM.

This appeal is before us based on a dissent at the Court of Appeals. Our review is therefore limited to grounds "specifically set out in the dissenting opinion [as] the basis for that dissent." *Cryan v. Nat'l Council of YMCAs*, 384 N.C. 569, 575 (2023) (cleaned up). The dissent below argued that defendant failed to preserve an objection to the trial court's ruling under Rule 403 of the Rules of Evidence because he "failed

to state the specific grounds for the ruling he desired the court to make and obtain a ruling on the applicability of Rule 403 at trial." *State v. Lail*, 294 N.C. App. 206, 219 (2024) (Tyson, J., dissenting) (cleaned up); *see also id.* at 221. The dissent then explained that defendant could not show that this unpreserved argument amounted to plain error. *Id.* at 221.

Even a cursory review of the record shows the dissent is wrong and this issue was preserved for appellate review. After the State objected to the admission of the challenged evidence, the trial court permitted lengthy voir dire from the parties before sustaining the State's objection and ruling that the evidence would be excluded because it was "more prejudicial than probative." The trial court then expressly stated that defendant's objection to that ruling was preserved for appellate review:

> THE COURT: . . . [F]or purposes of [a]ppellate review that objection will be noted for the record.
>
> [DEFENSE COUNSEL]: And just for the potential [a]ppellate review I'd ask to go ahead and put [the evidence] in the clerk's file for review by the Court of Appeals should it come to that.

Thus, defendant stated the grounds for admission of the evidence, secured a ruling from the trial court, and made the necessary offer of proof for appellate review after the trial court excluded the evidence. *See* N.C. R. App. P. 10(a)(1); N.C.G.S. § 8C-1, Rule 103(a)(2) (2023). Accordingly, we reject the dissent's argument that the issue was unpreserved. Moreover, we note that the dissent's resulting plain error analysis ignored this Court's opinion in *State v. Reber*, 386 N.C. 153 (2024), despite

our decision being available when the opinion below was handed down.[1]

Having rejected the reasoning of the dissent, we affirm the decision of the Court of Appeals for the reasons stated by the majority. As the majority noted, the trial court used the incorrect legal standard to assess the Rule 403 issue. *Lail*, 294 N.C. App. at 214. When examining the challenged evidence, the trial court ruled that the evidence was "more prejudicial than probative and therefore I will not allow that to be admitted."

This is a misapprehension of the law. Evidence may be excluded under Rule 403 only if "its probative value is *substantially outweighed* by the danger of," among other things, unfair prejudice. N.C.G.S. § 8C-1, Rule 403 (2023) (emphasis added); *see also State v. Lyons*, 340 N.C. 646, 669 (1995) ("[T]o be excluded under Rule 403, the probative value of the evidence must not only be outweighed by the danger of unfair prejudice, it must be *substantially* outweighed.").

Although the abuse of discretion standard typically requires a manifestly arbitrary or unreasoned decision, an "abuse of a trial court's discretion also occurs where a trial judge acts under a misapprehension of the law." *State v. Robinson*, 383

---

[1] We also emphasize that even if plain error review was the appropriate standard, our appellate courts do not apply the plain error rule to "issues which fall within the realm of the trial court's discretion." *State v. Steen*, 352 N.C. 227, 256 (2000), *cert. denied*, 531 U.S. 1167 (2001). As Rule 403 determinations are a matter within the trial court's discretion, we would decline to apply plain error review if this issue were unpreserved. *State v. Gillard*, 386 N.C. 797, 821 (2024); *see, e.g.*, *State v. Coffey*, 326 N.C. 268, 281 (1990) (applying the abuse of discretion standard to Rule 403 evidentiary decisions); *State v. Mason*, 315 N.C. 724, 731 (1986) (same).

N.C. 512, 521 (2022). Thus, the Court of Appeals majority properly determined that the trial court's Rule 403 ruling, which applied the wrong legal standard, was an abuse of discretion.

The Court of Appeals also properly determined that this error prejudiced defendant because there "is a reasonable possibility" the jury would have found defendant not guilty had the challenged evidence been admitted, particularly in light of the potential impact of that evidence on the key witness's credibility. *See Lail*, 294 N.C. App. at 216; N.C.G.S. § 15A-1443(a) (2023). We therefore affirm the decision of the Court of Appeals.

AFFIRMED.

Chief Justice NEWBY concurring in part and dissenting in part.

This case concerns the trial court's exclusion of certain challenged evidence, which evinced the complainant's tendency to fabricate stories and lie and could have been used to impeach her credibility. I agree with my colleagues that the issue of the challenged evidence's exclusion was preserved. I also agree that the trial court misapplied Rule 403's standard and thereby abused its discretion. The ultimate question, however, is whether the trial court's error prejudiced defendant. And for the reasons stated by the dissent at the Court of Appeals, *State v. Lail*, 294 N.C. App. 206, 217, 227–28, 903 S.E.2d 204, 211–12, 217–18 (2024) (Tyson, J., dissenting) (articulating reasons the exclusion of the note was not prejudicial), I do not agree that the erroneous exclusion of the challenged evidence prejudiced defendant. I therefore concur in part and dissent in part.

Justice ALLEN joins this concurring in part and dissenting in part opinion.

Justice RIGGS dissenting.

Defendant Jonathan Ray Lail was convicted of two counts each of statutory rape, indecent liberties with a child, and incest. A panel of the Court of Appeals awarded Mr. Lail a new trial, with one judge dissenting. The State appealed based on that dissent.

The minor victim, H.L.,[1] was thirteen years old at the time of her complaint and between the ages of nine to thirteen years old at the time of the abuse she alleged. Mr. Lail denied the conduct and took the stand in his own defense. H.L. testified, too, and her credibility was extensively addressed in cross-examination. While there was physical evidence that H.L.'s hymen was transected by blunt force trauma, the date of that injury could not be ascertained, and the case largely turned on H.L.'s credibility.

The threshold question presented by this case is whether the trial court abused its discretion when it excluded a handwritten note under Rule 403 of the Rules of Evidence. I would hold that it did not.[2] The contents and context (or lack thereof) of the note are important for this analysis. The note stated, in full: " 'Hey, get in.' I

---

[1] A pseudonym is used to protect the juvenile's identity pursuant to Rule 42(b) of the North Carolina Rules of Appellate Procedure and for ease of reading. *See* N.C. R. App. P. 42(b).

[2] I agree with the majority and the concurring opinion that the issue was preserved for our review.

looked out my open window to see my boyfriend Larry in his car. 'Okay. I'm coming. But be quiet. Jackie's asleep.' He nodded as I crawled out my window. I quickly got in his car." The State objected to the note's admission on the grounds of relevancy, authentication, and lack of knowledge.

In voir dire outside the presence of the jury, the trial court allowed defense counsel to examine H.L. about the note to provide context about the note and defense's intended use of it. H.L. acknowledged that the note was in her handwriting, but she could provide no further information about when the note was written or if it was just a fictional story she wrote. The State argued to the trial court: "[I]t's pure speculation and I think it's completely irrelevant for a jury. I think it's more prejudicial than probative of anything in this case. An alternate theory of who did this to her, there's just not enough there."

The Court of Appeals held that the trial court erred in its application of the Rule 403 balancing test by failing to properly determine whether the note's probative value was substantially outweighed by the risk of unfair prejudice. *State v. Lail*, 294 N.C. App. 206, 215–16 (2024). According to the Court of Appeals, the trial court's acknowledgment that admitting the note would be "more prejudicial than probative" constituted a misapplication of the law and, therefore, an abuse of discretion. *Id.* at 215. The Court of Appeals concluded that the note was sufficiently authenticated by the complainant's acknowledgment of her handwriting and that its probative value in impeaching her credibility outweighed any potential of unfair prejudice. *Id.* at 214.

The court also determined that the exclusion of the note was prejudicial against Mr. Lail because his defense hinged entirely on the competing credibility of the complainant. *Id.* at 214–15. Ultimately, the Court of Appeals held that because the trial court's error reasonably resulted in a guilty verdict, a new trial was necessary. *Id.* at 216. This Court's majority agrees.

My dissenting colleague agrees with this Court's majority to the extent that the trial court abused its discretion, but they disagree that the note's exclusion was prejudicial to the point of requiring a new trial. I believe we do not even need to reach the question of prejudice because the trial court misstated but ultimately correctly applied the appropriate legal standard.

Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.G.S. § 8C-1, Rule 403 (2023).

Generally, the exclusion of evidence under Rule 403 is entrusted to the trial court's discretion. *See State v. Chapman*, 359 N.C. 328, 348 (2005) ("Rulings under North Carolina Rule of Evidence 403 are discretionary . . . ."). A court's role in appellate review is not to substitute its judgment for that of the trial court but to assess whether the decision is "fairly supported by the record*." State v. Peterson*, 361

N.C. 587, 603 (2007) (quoting *State v. Lasiter*, 361 N.C. 299, 302 (2007)). Unless the ruling was "manifestly unsupported by reason or [was] so arbitrary that it could not have been the result of a reasoned decision," a trial court's Rule 403 ruling should not be overturned. *State v. Young*, 368 N.C. 188, 210–11 (2015) (alteration in original) (quoting *State v. Hyde*, 352 N.C. 37, 55 (2000)).

Both the Court of Appeals and Mr. Lail argue that the trial court abused its discretion in excluding the note because the court applied the wrong standard in conducting the Rule 403 balancing test. The trial court undoubtedly misstated the legal standard when it stated, "I also think it's more prejudicial than probative and therefore I will not allow that to be admitted," instead of the statutory language that the "probative value is substantially outweighed by the danger of unfair prejudice.", However, I cannot conclude, upon review of the entire record and conversation on the transcript, that the trial court misapprehended the law or misapplied the actual balancing required by Rule 403. *See* N.C.G.S. § 8C-1, Rule 403.

Mr. Lail introduced an undated, unsigned, handwritten note to undermine the complainant's credibility, at least in part because the only direct evidence of the identity of the perpetrator of the alleged sexual abuse was the complainant's testimony. The trial court applied the correct balancing test, even though it did not invoke the correct statutory words. Courts are not required to use specific "magic words" as long as their reasoning substantively complies with the requirements of the rule. *See In re J.M.*, 384 N.C. 584, 594 (2023) (holding that substantive compliance

with statutory requirements is sufficient and that verbatim statutory language is unnecessary). Further, as a reviewing court, we have the vantage point of assessing whether the trial court conducted the Rule 403 balancing test by simply referring to the trial court's actual analysis.

Prior to issuing a ruling on the admission of the note, the trial court heard extensive testimony from the complainant, allowed a full voir dire about the note, and then heard defense counsel's changing reasons for using the note. The trial court was concerned that this evidence had the significant potential to mislead the jury or confuse the issues because defense counsel wanted to use this note for many different reasons, far beyond mere impeachment. Defense counsel argued the note would be used to corroborate another witness's testimony, establish a pattern of conduct, go to H.L.'s credibility, and show H.L.'s prior inconsistent statements. The trial court endorsed the State's arguments with respect to the speculative nature of defense counsel's interpretation of the note and its relevance. While I will not excerpt the entire exchange about this note, the exchange demonstrated substantial confusion amongst the attorneys and trial court about the foundation and relevance of the note—there can be little doubt that the jury would fare no better. While I acknowledge that impeachment evidence is important in a case where credibility is a central issue, the Rules of Evidence still apply and the trial court still has significant discretion under Rule 403. *State v. Thibodeaux*, 341 N.C. 53, 64 (1995) ("The decision as to whether any evidence is more probative than unfairly prejudicial is within the

discretion of the trial court."). Defense counsel could not lay a proper foundation for the note to establish the timeframe in which the note was written. As the trial court recognized in its colloquy with the parties, the lack of timeframe would serve to confuse the jury, especially given that H.L. testified the content of the note was not true.

The trial court's colloquies with the parties demonstrate that, notwithstanding the unfortunate phrasing by the trial court, the relevance, authenticity, and purpose of use all indicated that the probative value of the note was substantially outweighed by the danger of unfair prejudice—that the jury would be confused about source and meaning of the note and its proper consideration.

While of course we must require that our trial courts understand and properly apply the law, I cannot conclude that it was an abuse of discretion (or at all improper) for the trial court to exclude this note. While a misstatement of law is regrettable, where the trial court reaches the correct decision, the correct ruling of law should be upheld on abuse of discretion review. Because I believe the trial court's ruling was ultimately neither arbitrary nor manifestly unsupported by reason, I respectfully dissent.